UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHESTER ALLAN BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-CV-00143-CMS |
| | ) | |
| STEVEN R. HOGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Steven R. Hogan, Kaleb Berkshire, and Jacob Brixey's Motion to Dismiss Plaintiff's Petition (Doc. 8), and Defendant Shannon County Commission's Motion for Judgment on the Pleadings (Doc. 12).[1] Because these motions raise duplicative legal and factual questions, they will be considered together. For the reasons stated below, Officer Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**, and the County's Motion for Judgment on the Pleadings (Doc. 12) with prejudice is **GRANTED** in part, in that the Court dismisses the Petition without prejudice. The Petition (Doc. 3) is **DISMISSED** without prejudice.

**BACKGROUND**

*Factual Background*

The factual allegations in the Petition are as follows. Plaintiff is the Chief of Police for the City of Winona, Missouri. (Doc. 3 at ¶ 1). Defendant Hogan is the elected Sheriff

[1] Hogan, Berkshire, and Brixey will be referred to collectively as "Officer Defendants." The Shannon County Commission will be referred to as "the County."

of Shannon County, Missouri. (Doc. 3 at ¶ 2). Defendants Berkshire and Brixey are Deputy Sheriffs of Shannon County. (Doc. 3 at ¶¶ 3, 4). Defendant Shannon County is a political subdivision of Missouri. (Doc. 3 at ¶ 5).

Berkshire and Brixey arrested Plaintiff on Hogan's orders without probable cause or a warrant. (Doc. 3 at ¶¶ 8, 9, 12). Plaintiff was arrested "as a means of intimidation, revenge," humiliation, and retaliation for Plaintiff's participation in an investigation of Hogan. (Doc. 3 at ¶¶ 10, 11).

Plaintiff's unlawful arrest caused a cardiac event that led to his hospitalization and medical bills. (Doc. 3 at ¶¶ 14–16). Additionally, Plaintiff has suffered harm to his reputation and anticipates future medical bills. (Doc. 3 at ¶ 17).

*Procedural History*

This case was filed in the Circuit Court of Shannon County and later removed to this Court. While Plaintiff neglects to delineate any counts in his Petition, the Petition, read in the light most favorable to Plaintiff, appears to state two counts.

Count I alleges that Defendants deprived Plaintiff of his liberty without due process in violation of 42 U.S.C. § 1983. (Doc. 3 at ¶ 13).

Count II alleges that Defendants deprived Plaintiff of his liberty without due process in violation of an unspecified provision of the Missouri Constitution. Possibly, this Count is intended to allege the common law tort of false arrest. (Docs. 3 at ¶ 13; 8 at 6; 13 at 8).

Officer Defendants move to dismiss the Petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). The County moves this Court for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or in the

alternative, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(h)(2). (Doc. 12).

**LEGAL STANDARDS**

For a complaint to survive a Rule 12(b)(6) motion, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss for failure to state a claim, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002)). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss. *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017).

## ANALYSIS

### I. Count I is dismissed because Plaintiff fails to allege a violation of Section 1983 on the face of the Petition.

Plaintiff's Section 1983 claim is dismissed because he has not alleged any of the *Monell* factors for municipal liability.

When a plaintiff sues a government official in his official capacity under 42 U.S.C. § 1983, the plaintiff is really suing the government entity. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007); *B.A.B, Jr. v. Bd. of Educ. of City of St. Louis*, 698 F.3d 1037, 1041 (8th Cir. 2012). Any claims against individual defendants in an official-capacity suit are redundant against the entity. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

A municipality or a county is liable under Section 1983 only "if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of lndep., Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Plaintiff does not deny that the Petition brings only official-capacity claims against Officer Defendants. So, Plaintiff's only claims are against the County. But Plaintiff does not allege any policy or custom of the County, or failure to train or supervise by the County.

Plaintiff suggests that the Petition adequately alleges an unconstitutional policy because it asserts that Sherriff Hogan, an elected official, is a policymaker. (Doc. 14 at 4). Even if this argument was correct, the face of the Petition contains no facts relating to Sheriff Hogan's policymaking authority or, for that matter, any of the other *Monell* factors.[2]

Therefore, Count I is dismissed without prejudice for failure to allege a violation of Section 1983.

## II. Count II is dismissed because Plaintiff fails to allege a violation of Missouri state law and sovereign immunity likely applies.[3]

Because the Petition alleges neither a violation of the Missouri Constitution nor Missouri common law, Count II is dismissed.

Under Missouri law, a plaintiff cannot bring a freestanding claim for damages under the Missouri Constitution, even if that plaintiff specifies the section of the Missouri Constitution violated. *Collins–Camden P'ship v. Cnty. of Jefferson,* 425 S.W.3d 210, 214 (Mo. Ct. App. 2014).

When a Plaintiff brings an official-capacity claim against an officer or a claim against a government entity for a tort, that claim is usually barred by sovereign immunity.

---

[2] Plaintiff suggests in his responsive briefs that a footnote in *Pembaur v. Cincinnati*, 475 U.S. 469, n. 12 (1986) supports the proposition that any law enforcement decision by a sheriff is county policy. (Doc. 14 at 4–5). Even if this assertion were a proper reading of the law, conclusory statements in a responsive brief based on vague assertions in a footnote are insufficient to save a poorly pleaded complaint containing no facts to support Plaintiff's arguments.

[3] Plaintiff has not even attempted to assert individual capacity claims against Officer Defendants, so this Court will not address official immunity. That said, official immunity would likely apply based on the facts alleged in the Complaint.

*Henke v. Collins*, No 16-0371-CV-W-BP, 2017 WL 2414895, at *7 (W.D. Mo. June 2, 2017). The only exceptions to sovereign immunity are "for injuries (1) arising from an employee's negligent operation of a motor vehicle in the course of his employment, (2) caused by a dangerous condition on property, (3) caused by the performance of a proprietary (and not governmental) function, and (4) that are covered by insurance procured by the governmental entity." *Id.* at *6 (citing *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009)).

Here, the Petition does not specify the section of the Missouri Constitution that Defendants allegedly violated. (Doc. 3 at ¶ 13). Even if Plaintiff's intent is to bring some nebulous claim under the entire Misouri Constitution, such a claim is categorically barred because there is no cause of action under the Missouri Constitution.

If, as Defendants assume, Plaintiff instead intends to bring a claim for the common law tort of false arrest, then Defendants enjoy immunity from suit. Again, Plaintiff does not contest that he has brought exclusively official-capacity claims. And, even assuming Plaintiff's Petition seeks to bring a false arrest claim, Plaintiff does not allege any of the exceptions to sovereign immunity. Particularly telling in this regard is Plaintiff's failure to directly engage with Defendants' claims of sovereign immunity in either his Response to the Motion to Dismiss or his Response to the Motion for Judgment on the Pleadings. (Docs. 14 at 7, 18 at 5–6).

Read in the light most favorable to Plaintiff, the Petition clearly fails to allege any violation of state law, common law, or the Missouri Constitution, or any facts supporting

waiver of sovereign immunity. Therefore, Plaintiff's state law claim is also dismissed without prejudice. [4]

## CONCLUSION

In sum, Plaintiff's Petition does not state a claim on which relief can be granted. Insofar as the Petition raises a Section 1983 claim, it does not allege a policy, custom, or failure to train or supervise by the County. Insofar as the Petition seeks to bring a state law claim, it does not allege what that claim might be or any reason why sovereign immunity does not apply. The Petition is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Steven R. Hogan, Kaleb Berkshire, and Jacob Brixey's Motion to Dismiss Plaintiff's Petition (Doc. 8) is **GRANTED**.

---

[4] In their motion, Officer Defendants cite apparently hallucinated propositions from *Younger v. Harris*, 401 U.S. 37 (1971), and include pin cites to the dissent in that case that are irrelevant to the instant case. Officer Defendants are reminded of the undersigned's Requirements:

> By presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, **including any portion generated with artificial intelligence (AI)**. *See* Fed. R. Civ. P. 11(b).
>
> . . . .
>
> Attorneys and self-represented parties are therefore on notice that any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, is not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, **will result in the imposition of sanctions**.

At any rate, this Court need not consider Officer Defendants' *Younger* arguments because the Petition is dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendant Shannon County Commission's Motion for Judgment on the Pleadings (Doc. 12) with prejudice is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition (Doc. 3) is **DISMISSED** without prejudice.

Dated this 13th day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE